United States District Court
for the
Southern District of Florida

| | |
|---|---|
| MSP Recovery Claims, Series LLC, Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 20-23219-Civ-Scola ) |
| Endurance American Insurance Company, Defendant. | ) ) ) |

### Order on Motion to Dismiss

This matter is before the Court upon the Defendant's motion to dismiss the Plaintiff's first class amended complaint. For the reasons set forth below, the Court **grants** the Defendant's motion. (**ECF No. 18**.)

**1. Background**

This purported class action arises under the Medicare Secondary Payer ("MSP") provisions of the Medicare Act, 42 U.S.C. § 1395y, *et seq.* Plaintiff's complaint against the Defendant, Endurance American Insurance Company, is one of numerous similar actions that have been filed by the Plaintiff and other related entities in district courts throughout the United States. These cases tend to involve similar sets of allegations, that the Plaintiff or one of its affiliates obtained an assignment from a Medicare Advantage Organization ("MAO"), here Avmed, Inc., to try to recover money linked to payments made or costs incurred by such MAO for the medical treatment of their enrollees who were injured in accidents.

The MSP was enacted to combat the rising costs of Medicare. The MSP reformed the Medicare system such that Medicare and MAOs became secondary payers who would not bear the costs of medical procedures that were already covered by primary payers, i.e. other private insurance companies. Under the MSP, Medicare and MAOs could still make "conditional payments" to cover the medical bills of their beneficiaries where a primary payer, such as the Defendant, could not be expected to remit prompt payment. Where Medicare or an MAO "has made a conditional payment, the primary payer's 'responsibility for such payment' has been 'demonstrated,' as by a judgment or settlement agreement" and the primary payer is responsible to reimburse Medicare or the MAO within 60 days. *See MSP Recovery Claims, Series LLC v. Ace Am. Ins. Co.*, 974 F.3d 1305, 1309 (11th Cir. 2020). When a primary payer fails to remit such payment, Medicare can seek double damages

from the primary payer under the MSP's right of action for the government. *Id.* Assignees of MAOs, likewise, can seek double damages under the MSP's private right of action. *Id.*

Here, the Plaintiff alleges that the Defendant, as a primary payer, has "systematically and uniformly failed to honor its primary payer obligations" under the MSP by failing to pay or reimburse Avmed Inc., a Medicare MAO, for medical expenses "resulting from injuries sustained in automobile and other accidents . . . that should have been paid by Defendant but, instead, were paid by Medicare and/or MAOs." (ECF No. 17, at ¶¶ 1-2.) The Plaintiff states it utilizes a "proprietary system" that matches health care claims data from its assignors like Avmed, Inc. to data from the Centers for Medicare & Medicaid Services ("CMS"), police crash and incident reports, and data from primary payers, to identify instances where a primary payer failed to honor their obligations under the MSP. (ECF No. 18, at ¶ 9.) The Plaintiff claims to have used its proprietary system to identify "multiple instances in which [Avmed, Inc.] made conditional payments for accident-related medical expenses which should have been paid and/or reimbursed by Defendant." (ECF No. 17, at ¶ 32.)

The Plaintiff provides a single exemplar in its complaint of the Defendant's alleged failure to honor its obligations under the MSP, which the Plaintiff states illustrates the "Defendant's systematic and uniform failure to fulfill its statutory duty." (ECF No. 17, at ¶ 44.) The Plaintiff states that "[o]n December 3, 2014, A.A. was enrolled in a Medicare Advantage Plan issued and administered by Avmed, Inc. . . . a MAO." (ECF No. 17, at ¶ 45.) A.A. was injured in an accident, and the alleged tortfeasor was insured by Defendant under a liability insurance policy. (ECF No. 17, at ¶ 46.) A.A. required medical services as a result of the accident, with A.A.'s medical providers having subsequently issued bills for $7,032.56 in accident-related medical expenses to Avmed, Inc., A.A.'s MAO. (ECF No. 17, at ¶¶ 47-49.) Avmed, Inc. paid $4,178.43 for A.A.'s accident related expenses, and following A.A.'s claim against the Defendant's insured, the Defendant indemnified its insured pursuant to an alleged settlement with A.A. As a result of this alleged settlement, the Plaintiff states that the Defendant became a primary payer subject to liability for A.A.'s accident-related expenses. (ECF No. 17, at ¶¶ 50-51.) The Plaintiff further claims that Defendant reported to CMS it was the primary payer for A.A., but failed to make payment as is required by the MSP. (ECF No. 17, at ¶¶ 52-53.)

## 2. Legal Standard

A challenge to a plaintiff's standing to bring a lawsuit is analyzed under Federal Rule 12(b)(1). *MSP Recovery Claims, Series LLC v. Amerisure Ins. Co.*, No. 20-24077-Civ, 2021 WL 358670, at *1 (S.D. Fla. Feb. 1, 2021) (Altonga, J.). As standing is jurisdictional, it has the same effect as a dismissal for lack of subject matter jurisdiction pursuant to Federal Rule 12(b)(1). *Id.* (discussing *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1244, 1251 (11th Cir. 2008)). A motion to dismiss pursuant to Rule 12(b)(1) may be based on either a facial or factual attack to the complaint. *Id.* A facial attack asks whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction whereas a factual attack requires the Court to consider matters outside the pleadings such as testimony and affidavits. *Id.*

In order to prove standing, a plaintiff must allege he has suffered (1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). To establish injury in fact, a plaintiff must show that he suffered an invasion of a legally protected interest that is concrete and particularized and actual and imminent, not conjectural or hypothetical. *Id.* at 1548. For an injury to be particularized, it must impact the plaintiff in a personal and individual way. *Id.* For the injury to be concrete, it must be real and not abstract. *Id.* at 1548-49.

## 3. Analysis

The assignee of a claim has standing to assert an injury in fact suffered by the assignor. *MSP Recovery Claims, Series LLC v. QBE Holdings, Inc.*, 965 F.3d 1210, 1217 (11th Cir. 2020). Under the MSP, an assignee has standing to sue if "(1) it's ultimate assignor suffered an injury-in-fact, and (2) the assignor's claim arising from that injury was validly assigned." *Id.* (cleaned up).

The Defendant first alleges that the Plaintiff lacks standing as the alleged assignment from Avmed Inc. to the Plaintiff was in fact to a different entity called Series 17-03-615 and not to the Plaintiff itself. (ECF No. 18, at 10.) The Court agrees with the Plaintiff that, at this stage of the litigation, this argument is unavailing. In the Plaintiff's complaint, the Plaintiff states that pursuant to a limited liability agreement, the Plaintiff "maintains the legal right to sue on behalf of each of its designated series." (ECF No. 17, at ¶ 37.) The Plaintiff did not provide its limited liability agreement as an attachment to its complaint. Nonetheless, at the pleading stage, the Court must "accept as true [the Plaintiff's] allegation that it has the right to bring claims" assigned to Series 17-

03-615. *MSP Recovery Claims, Series LLC v. ACE Am. Ins. Co.*, 974 F.3d 1305, 1320 (11th Cir. 2020).

The Defendant next argues that the Plaintiff's complaint does not make clear if the exemplar claim involving A.A. was actually assigned to the Plaintiff, because the purported assignment is limited to a specific set of claims. (ECF No. 18, at 10.) Specifically, the Defendant argues Avmed, Inc. "assigned only those claims 'with respect to health care services provided to any of Assignor's members or enrollees under CMS Contract ID Number H1016'" with exclusions for Avmed Inc.'s right to recover against its network healthcare providers and current and former members. (ECF No. 18, at 10-11.) The Defendant states that the complaint does not allege that the claims brought by the Plaintiff were those claims under Contract ID Number H1016 or that they fall outside assignment agreement's exclusions.

The Plaintiff attached the assignment agreement between Series 17-03-615 and Avmed Inc. to its complaint. (ECF No. 17-4.) In the agreement, Avmed, Inc. acknowledges it is an MAO with Contract ID Number H1016. By way of the agreement, Avmed, Inc. assigned "all right, title, interest in and ownership of" assigned claims, as defined in the agreement, to Series 17-03-615. The assigned claims include: (1) all claims existing as of the date of the agreement; (2) all causes of action relating to payments for health care services provided to Avmed, Inc.'s members and enrollees; and (3) all causes of action against primary payers, among others, that may be liable to Avmed, Inc. Assigned claims do not include Avmed's right to recover against its network healthcare providers and current and former members, and claims belonging to Avmed, Inc. relating to GlaxoSmithKline's manufacturing facility in Cidra, Puerto Rico. The Plaintiff also provided a "Claims Purchase Agreement & Assignment" between Avmed, Inc. and Series 17-03-615 which confirms the same scope of assigned claims between Avmed, Inc. and Series 17-03-615.

As the Plaintiff points out, the agreements it attached to its complaint purport to assign all rights in claims Avmed, Inc. may have against, among others, insurance carriers as a result of such insurance carrier's "failure to pay for healthcare services provided to any of [Avmed, Inc.'s] members or enrollees under CMS Contract ID Number H1016." (ECF No. 17-4.) While the Plaintiff states "[t]he individual claim set forth herein" involving A.A. "has been assigned to Plaintiff" and that such claim is "not subject to any carveouts, exclusions, or other limitations" the Court nonetheless notes that these are legal conclusions of contract interpretation, and the interpretation of contracts is a question of law for the courts; therefore the Court need not accept the Plaintiff's assertions as true. *Reesey v. Fed. Emergency Mgmt. Agency*, No. 13-60488-Civ, 2013 WL 12086662, at *2 (S.D. Fla. July 9, 2013) (Scola, J.); *see also Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) ("the tenet that a court must accept all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Upon review of the complaint and its exhibits, the Court finds that the Plaintiff has not properly alleged it has been assigned the right to sue based on A.A.'s claim. While the complaint broadly alleges that Avmed, Inc. assigned certain rights under the assignment agreement and that A.A.'s claim is not subject to any carveouts or exclusions, the Plaintiff has provided no *factual* assertions to the Court to show that A.A.'s claim was part of the assignment between Avmed, Inc. and the Plaintiff. For instance, while the assignment agreement indicates that Avmed, Inc. is a duly authorized MAO with CMS Contract ID Number H1016, the Plaintiff does not allege that all of Avmed, Inc.'s enrollees are enrolled under CMS Contract ID Number H1016 or that Avmed, Inc. operates under only one CMS Contract ID Number. Put another way, without being able to conclude that Avmed, Inc. did not retain some claims under a separate CMS Contract ID Number, which may include A.A.'s claim, the Court cannot determine whether A.A.'s claim was in fact assigned to the Plaintiff. Moreover, the Plaintiff has alleged that A.A.'s claim is not subject to any carveouts or exclusions, but the Plaintiff similarly offers no *factual* assertions to indicate that A.A.'s claim is not subject to the exclusions in the assignment agreement. In response to these potential deficiencies, the Plaintiff's briefing simply points the Court back to its complaint, which provides only legal conclusions. (ECF No. 24, at 17.)

As the Plaintiff's legal conclusions are unsupported by factual allegations, and the Court cannot determine if A.A.'s claim was actually assigned to the Plaintiff, the Court must dismiss the Plaintiff's claim for lack of standing. *See MSP Recovery Claims, Series, LLC v. New York Cent. Mut. Fire Ins. Co.*, 6:19-cv-00211, 2019 WL 4222654, at *5 (N.D.N.Y. Sept. 5, 2019) ("There is nothing in the record to show whether the R.L. claim is one of the [assigned claims] . . . . That ambiguity is fatal to Plaintiffs' claim that they have standing, and the case must be dismissed for lack of jurisdiction.").

### 4. Conclusion

The Court therefore **grants** the Defendant's motion to dismiss the Plaintiff's first amended class complaint as the Plaintiff has failed to allege it has standing. (**ECF No. 18**.) Accordingly, the Court **dismisses the complaint without prejudice** The Court **denies** any pending motions, if any, **as moot**. The Clerk is directed to **close** this case.

Furthermore, the Court denies the Plaintiffs' request for leave to amend, inserted, as an afterthought, at the end of their opposition to the Defendant's motion: the request is both procedurally defective and lacking in substantive

support. *See Newton v. Duke Energy Florida, LLC,* 895 F.3d 1270, 1277 (11th Cir. 2018) ("[W]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly."); *Avena v. Imperial Salon & Spa, Inc.*, 740 Fed. App'x 679, 683 (11th Cir. 2018) ("[W]e've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend.") (noting also that "a motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment") (cleaned up).

**Done and ordered**, in Miami, Florida, on February 22, 2021.

_____
Robert N. Scola, Jr.
United States District Judge